UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN BOCHNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:16-cv-002585-TWP-MJD |
| | ) |
| SUPERINTENDENT New Castle Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas
Corpus and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the petition of John Bochner for a writ of habeas corpus must be denied and this action dismissed.

In Indiana, the Sex Offender Management & Monitoring ("SOMM") is a required treatment program for sex offenders sentenced to the Indiana Department of Correction. ("SOMM"). *See Hadley v. Buss*, 385 F. Appx. 600, 601 (7th Cir. 2010). There are exemptions from the mandatory SOMM program, one of which is when an offender has a pending appeal or post-conviction relief proceeding relating to the conviction after having pled "not guilty" to the charge. The burden is on the offender to provide required verification of his alleged exemption status. According to a conduct report issued on June 16, 2016, Indiana prisoner John Bochner refused to participate in a SOMM program at the New Castle Correctional Facility after being directed to do so. At a hearing on the allegations, Bochner was found to have violated prison rules by failing to participate in the program and was sanctioned. This challenge followed.

The question presented in Bochner's habeas petition is whether there was sufficient

evidence to support the hearing officer's decision. The Supreme Court has explained that there must be "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985). A challenge to an administrative decision such as presented here triggers judicial review under one of the "narrowest known" standards. *United States v. Kizeart,* 505 F.3d 672, 674 (7th Cir. 2007). This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992).

Bochner admits to having refused the program assignment, but contends that under applicable prison rules he was exempt from mandatory participation in the program. He suggests that he documented his exemption, which records from the proceeding reflect, but the hearing officer nonetheless found him guilty of the charged misconduct, refusing a mandatory program.

Here, the evidence was constitutionally sufficient. Bochner refused the SOMM program assignment after having been directed to accept it. The hearing officer concluded that Bochner did not produce evidence that he had a pending post-conviction relief proceeding, thus Bochner was required to participate in the SOMM program. A rational trier of fact could easily find this evidence to be refusal to accept a program assignment, and that is enough to satisfy the some evidence requirement of *Hill. Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). A contrary decision could be made

only if the evidence *compelled* a finding that Bochner was exempt from the program assignment. That is not the nature of the conflicting evidence, even if a rational adjudicator could also have found Bochner exempt. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). In his reply, Bochner submits evidence that he was subsequently granted an exemption from the SOMM program and his lost credit time ultimately restored. However, this is not a situation in which the Court can re-weigh the evidence or assign a particular significance to the evidence Bochner offered at the hearing. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bochner to the relief he seeks. His arguments that he was denied the protection afforded by *Hill* is refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

Date: 3/22/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

JOHN BOCHNER
933118
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362